UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BMO HARRIS BANK, N.A.,

                                        Plaintiff,

           -against-

PLATINUM RAPID FUNDING GROUP, LTD.,

                                        Defendant.

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/27/2023

22-CV-07163 (JPC)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff filed a letter motion asking the Court to compel Defendant to produce revised interrogatory responses, electronically stored documents, and an appropriate, well-prepared witness for deposition pursuant to Rule 30(b)(6). ECF No. 52. Defendant asks the Court to deny Plaintiff's request in its entirety. ECF No. 53. The motion is granted in part.

      The Court finds Defendant's initial disclosures incomplete under Rule 37(a)(4). In Interrogatory Nos. 1, 2, 3, 4, 5, 6, 8, and 9, Defendant was asked to identify "all persons" with case-related knowledge, documents, or information. In response, Defendant identified only Tiffany Diaz, Defendant's former legal assistant. The Court does not credit Defendant's assertion that Ms. Diaz is the only person with knowledge about "any fact alleged in the pleadings," Defendant's dealings with "Dealerships, Guarantors and/or MAM," or Defendant's assets. ECF No. 52, Ex. A. Finding Defendant's responses to those interrogatories incomplete, Defendant is ordered to supplement its initial disclosures by January 3, 2024.[1] Defendant's counsel shall

---

[1] Defendant does not need to supplement its response to Interrogatory No. 7, which improperly asks Defendant to "describe the purpose of any payments made to Ali Mayer." At the beginning of discovery, interrogatories are "restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the

certify that the supplemental responses are "complete and correct" by signing them pursuant to Federal Rules of Civil Produce 26(g)(1) and 26(g)(3).

The parties disagree about whether Defendant has completed production of relevant documents. Defendant asserts that, because it is defunct, it cannot access any electronically stored information or files. According to Plaintiff, Ms. Diaz testified at her deposition that she continues to use her Platinum email address. Based on that testimony, Plaintiff believes that Defendant has access to emails, but has not produced any. The Court is suspicious that Defendant cannot access email or electronically stored records, including financial documents, regardless of its existing operations. Defendant must produce responsive documents by January 3, 2024, or produce a sworn statement, under penalty of perjury, from former CEO Ali Mayar, certifying that he has conducted a reasonable search, describing the scope of that search, and testifying that no documents are available.

Based on Plaintiff's representations, Defendant did not adequately prepare Ms. Diaz for her deposition, in violation of Rule 30(b)(6). But without the transcript of Ms. Diaz's testimony and a copy of the Rule 30(b)(6) notice, the Court cannot conclude whether Ms. Diaz was an altogether inappropriate witness. Accordingly, the parties are ordered to meet and confer about this issue before January 16, 2024. If, by January 16, 2024, the parties have not agreed whether to conduct a supplemental deposition, Plaintiff shall file the Rule 30(b)(6) notice, the transcript of Ms. Diaz's deposition, and a letter directing the Court to any deposition questions Ms. Diaz was unable to answer. The Court will thereafter consider whether Defendant shall produce a properly prepared witness and assess costs for a second deposition.

---

existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Local Civil Rule 33.3(a). Interrogatory No. 7 requests information beyond the scope of Rule 33.3(a) and is therefore improper.

## CONCLUSION

By January 3, 2024, Defendant shall supplement its initial responses to Interrogatory Nos. 1, 2, 3, 4, 5, 6, 8 and 9. Defendant's counsel shall certify the completeness of those supplement responses consistent with Rule 26(g). Additionally, by January 3, 2024, Defendant shall produce any relevant electronically stored information, including any relevant emails and financial records, or produce a sworn statement from Ali Mayar certifying to the scope of his search. Before January 16, 2024, the parties shall meet and confer regarding the need for an additional deposition. If the parties fail to resolve their dispute, then, by January 16, 2024, Plaintiff shall file the transcript of Ms. Diaz's deposition, the original Rule 30(b)(6) notice, and a letter directing the Court to any answers that Ms. Diaz was unable to answer. That letter shall not exceed three pages.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 52.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    December 27, 2023
          New York, New York