**CHAPMAN**
Focused on Finance

Mia D. D'Andrea

**Chapman and Cutler LLP**
320 South Canal Street, 27th Floor
Chicago, Illinois 60606

T 312.845.3000
D 312.845.3766
dandrea@chapman.com

June 7, 2024

*In light of Plaintiff's concession that default judgment is no longer appropriate, Plaintiff's motion for default judgment, Dkt. 82, is denied without prejudice to renewal if appropriate at a future juncture and the June 26, 2024 hearing is adjourned sine die. Defendant shall file a letter by June 13, 2024, advising the Court as to whether it consents to withdrawing its request for leave to move for summary judgment in order to allow the parties to engage in further discovery. The Clerk of Court is respectfully directed to close Docket Numbers 82 and 96.*

**VIA ECF AND EMAIL TO CRONANNYSDCHAMBERS@NYSD.USCOURTS.GOV**

The Honorable John Cronan
District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Suite 1610
New York, NY 10007

*DATE: June 10, 2024*
*New York, New York*

_____
JOHN P. CRONAN
United States District Judge

    Re:    *BMO Bank N.A. v. Platinum Rapid Funding Group, Ltd.*,
              Index No. 1:22-cv-7163-JPC-SN

Dear Judge Cronan:

    The undersigned represents Plaintiff BMO Bank N.A. ("*BMO*") in this case. In response to your Honor's Orders dated May 29, 2004 (Docket No. 93) and May 30, 2024 (Docket No. 95), BMO acknowledges that due to Defendant's belated appearance in this case through new counsel, and the strong preference for cases to be decided on the merits, *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005), the relief sought in BMO's Motion for Default Judgment, filed on April 26, 2024 (Docket No. 82, the "*Default Motion*"), is no longer appropriate.

    However, Magistrate Judge Netburn entered an Order in this case dated December 27, 2023 relating to discovery (Docket No. 55, the "*Discovery Order*"). The Discovery Order, a copy of which is attached hereto, required:

> By January 3, 2024, Defendant shall supplement its initial responses to Interrogatory Nos. 1, 2, 3, 4, 5, 6, 8 and 9. Defendant's counsel shall certify the the completeness of those supplemental responses consistent with Rule 26(g). Additionally, by January 3, 2024, Defendant shall produce any relevant electronically stored information, including any relevant emails and financial records, or produce a sworn statement from Ali Mayar certifying to the scope of his search. Before January 16, 2024, the parties shall meet and confer regarding the need for an additional deposition. If the parties fail to resolve their dispute, then, by January 16, 2024, Plaintiff shall file the transcript of Ms. Diaz's deposition, the original Rule 30(b)(6) notice, and a letter directing the Court to any answers that

**CHAPMAN**
Focused on Finance

The Honorable John Cronan
District Judge
United States District Court for the Southern District of New York
June 7, 2024
Page 2

Ms. Diaz was unable to answer. That letter shall not exceed three pages. (Discovery Order, p. 3).

BMO notes that Defendant's response to the Default Motion included the Declaration of Ali Mayar (Docket No. 90, the "*Mayar Declaration*"). Mayar, who was not identified as a witness with knowledge in Defendant's Interrogatory responses, and was not produced for deposition in response to BMO's FRCP 30(b)(6) notice of deposition,[1] affirms in his Declaration that he is the founder of Defendant, as well as an officer and shareholder. (Mayar Declaration, ¶¶1, 3). He also affirms in his declaration that he has knowledge of facts relevant to this case. (Mayar Declaration, ¶¶3-8, 12, 17). Mr. Mayar's sudden appearance in this case, and the sworn statements in the Mayar Declaration, evidence Defendant's prior discovery violations.

Shortly after entry of the Discovery Order, Defendant's prior counsel withdrew from the case, prompting the Default Motion. Defendant never complied with the Discovery Order. Mayar made no reference to the Discovery Order in the Mayar Declaration.

Defendant should not be permitted to circumvent the Discovery Order by disappearing for four months and then waltzing back into the case through new counsel as though the Discovery Order was never entered.

BMO respectfully requests that the Default Motion and Defendant's Cross Motion for Leave to file a Motion for Summary Judgment (Docket No. 92) be continued until Defendant complies with the Discovery Order (with new deadlines set by the Court), and until BMO has had the opportunity to conduct the deposition of Ali Mayar following production of the documents ordered to be produced by Magistrate Netburn in the Discovery Order.

Very truly yours,

CHAPMAN AND CUTLER LLP

By: /s/ Mia D. D'Andrea
        Mia D. D'Andrea

---

[1] Instead, Tiffany Diaz, a paralegal for Defendant, was so identified and produced, giving rise to BMO's motion that resulted in the Discovery Order – *see* Docket Nos. 52, 54.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BMO HARRIS BANK, N.A.,

                              Plaintiff,

      -against-

PLATINUM RAPID FUNDING GROUP, LTD.,

                              Defendant.

------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/27/2023
```

22-CV-07163 (JPC)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

    Plaintiff filed a letter motion asking the Court to compel Defendant to produce revised interrogatory responses, electronically stored documents, and an appropriate, well-prepared witness for deposition pursuant to Rule 30(b)(6). ECF No. 52. Defendant asks the Court to deny Plaintiff's request in its entirety. ECF No. 53. The motion is granted in part.

    The Court finds Defendant's initial disclosures incomplete under Rule 37(a)(4). In Interrogatory Nos. 1, 2, 3, 4, 5, 6, 8, and 9, Defendant was asked to identify "all persons" with case-related knowledge, documents, or information. In response, Defendant identified only Tiffany Diaz, Defendant's former legal assistant. The Court does not credit Defendant's assertion that Ms. Diaz is the only person with knowledge about "any fact alleged in the pleadings," Defendant's dealings with "Dealerships, Guarantors and/or MAM," or Defendant's assets. ECF No. 52, Ex. A. Finding Defendant's responses to those interrogatories incomplete, Defendant is ordered to supplement its initial disclosures by January 3, 2024.[1] Defendant's counsel shall

---

[1] Defendant does not need to supplement its response to Interrogatory No. 7, which improperly asks Defendant to "describe the purpose of any payments made to Ali Mayer." At the beginning of discovery, interrogatories are "restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the

certify that the supplemental responses are "complete and correct" by signing them pursuant to Federal Rules of Civil Produce 26(g)(1) and 26(g)(3).

The parties disagree about whether Defendant has completed production of relevant documents. Defendant asserts that, because it is defunct, it cannot access any electronically stored information or files. According to Plaintiff, Ms. Diaz testified at her deposition that she continues to use her Platinum email address. Based on that testimony, Plaintiff believes that Defendant has access to emails, but has not produced any. The Court is suspicious that Defendant cannot access email or electronically stored records, including financial documents, regardless of its existing operations. Defendant must produce responsive documents by January 3, 2024, or produce a sworn statement, under penalty of perjury, from former CEO Ali Mayar, certifying that he has conducted a reasonable search, describing the scope of that search, and testifying that no documents are available.

Based on Plaintiff's representations, Defendant did not adequately prepare Ms. Diaz for her deposition, in violation of Rule 30(b)(6). But without the transcript of Ms. Diaz's testimony and a copy of the Rule 30(b)(6) notice, the Court cannot conclude whether Ms. Diaz was an altogether inappropriate witness. Accordingly, the parties are ordered to meet and confer about this issue before January 16, 2024. If, by January 16, 2024, the parties have not agreed whether to conduct a supplemental deposition, Plaintiff shall file the Rule 30(b)(6) notice, the transcript of Ms. Diaz's deposition, and a letter directing the Court to any deposition questions Ms. Diaz was unable to answer. The Court will thereafter consider whether Defendant shall produce a properly prepared witness and assess costs for a second deposition.

---

existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Local Civil Rule 33.3(a). Interrogatory No. 7 requests information beyond the scope of Rule 33.3(a) and is therefore improper.

## CONCLUSION

By January 3, 2024, Defendant shall supplement its initial responses to Interrogatory Nos. 1, 2, 3, 4, 5, 6, 8 and 9. Defendant's counsel shall certify the completeness of those supplement responses consistent with Rule 26(g). Additionally, by January 3, 2024, Defendant shall produce any relevant electronically stored information, including any relevant emails and financial records, or produce a sworn statement from Ali Mayar certifying to the scope of his search. Before January 16, 2024, the parties shall meet and confer regarding the need for an additional deposition. If the parties fail to resolve their dispute, then, by January 16, 2024, Plaintiff shall file the transcript of Ms. Diaz's deposition, the original Rule 30(b)(6) notice, and a letter directing the Court to any answers that Ms. Diaz was unable to answer. That letter shall not exceed three pages.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 52.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:    December 27, 2023
         New York, New York

3